UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,                                      Case No. 3:18-cv-75

vs.

LAKEFRONT LINES, INC.                 District Judge Walter H. Rice
                                                         Magistrate Judge Michael J. Newman

    Defendants.

___

# REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (DOC. 4) BE DENIED

___

This civil case is before the Court on *pro se* Plaintiff's motion for a preliminary injunction. Doc. 4. Defendant has not yet been served with a copy of either Plaintiff's complaint or his motion for preliminary injunction. Accordingly, Defendant has not filed a memorandum in opposition to Plaintiff's motion and the Court has not yet had an opportunity to otherwise hear from Defendant with regard to Plaintiff's motion. Nevertheless, finding that Plaintiff has failed to meet his burden of showing that issuance of a preliminary injunction is appropriate, the undersigned finds that a response from Defendant is not required.

This case involves claims arising from Plaintiff's employment with Defendant. *See* doc. 1. Plaintiff worked as an over-the-road bus driver for Defendant from July 10, 2017 until his alleged termination on or about February 20, 2018. *Id*. at PageID 4, 29. On March 13, 2018, Plaintiff filed a complaint against Defendant in this Court alleging, *inter alia*, that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., by failing to properly pay him for all the hours he has worked, including overtime hours. *Id*. at PageID 5-11. Plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

also alleges that he was constructively terminated on the basis of: (1) his race in violation of Title VII; and (2) his age in violation of the Age Discrimination in Employment Act ("ADEA"). *See id*. at PageID 11-15.

Along with his complaint, Plaintiff also filed the instant motion for issuance of a preliminary injunction seeking an order requiring Defendant to immediately reinstate him to his position. Doc. 4 at PageID 35. Plaintiff presents no evidence in support of his motion for a preliminary injunction. *Id*. The Court, however, in the interest of justice, has carefully considered and liberally construed Plaintiff's motion, the allegations in his complaint, and the attachments appended thereto. Finding no evidentiary hearing required, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (stating that "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law"), Plaintiff's motion is ripe for decision.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "The purpose of a preliminary injunction is simply to preserve the status quo[,]" *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004), *i.e.*, "to preserve the parties' relative positions in order to prevent irreparable injury prior to trial." *Montgomery v. Carr*, 848 F. Supp. 770, 779 (S.D. Ohio 1993).

"In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet*, 305 F.3d at 573. "These factors

are not prerequisites, but are factors that are to be balanced against each other." *Id.*; *but cf. Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982) (stating that "[d]espite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required . . . irreparable harm before an interlocutory injunction may be issued").

Here, *pro se* Plaintiff has not demonstrated a strong likelihood of succeeding on the merits of his claims. He presents no evidence in support of his discrimination claims, and his allegations in this regard are conclusory. Even if Plaintiff did sufficiently show a likelihood of success on the merits, the Court finds no irreparable injury.

In his motion, Plaintiff alleges that his injury consists of wages lost as a result of his termination. *See* doc. 4 at PageID 36. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578 (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Specifically, "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Id.* at 579. "Indeed, '[t]he loss of a job is quintessentially reparable by money damages." *Id.* (citing *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995)). Because Plaintiff's alleged injury is lost income, he has failed to satisfy his burden of showing that he will suffer an irreparable injury in the absence of the requested preliminary injunction.

The absence of an irreparable injury here weighs heavily against issuance of the requested preliminary injunction. *See Friendship Materials, Inc.*, 679 F.2d at 102–03 (stating that, at least where a constitutional violation is not at issue, "this court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer

3

irreparable injury without such relief"); *Harris v. United States*, 745 F.2d 535, 536 (8th Cir. 1984) (holding that "the absence of a showing of irreparable harm is, in itself, sufficient grounds upon which to deny a preliminary injunction"); *see also Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6581813, at *4 (N.D. Ohio Nov. 7, 2016) (addressing only "the irreparable harm factor because plaintiff has failed to show that it will suffer any irreparable injury if the Court denies its motion"). In light of the foregoing, and finding no public interest furthered by the issuance of the requested injunction, the undersigned **RECOMMENDS** that *pro se* Plaintiff's motion for a preliminary injunction (doc. 4) be **DENIED**.

Date:   March 16, 2018                              s/ Michael J. Newman
                                                                                   Michael J. Newman
                                                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).