UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,

vs.

LAKEFRONT LINES, INC.,

    Defendants.

Case No. 3:18-cv-75

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

### REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. 9) BE DENIED
_____

This civil case is before the Court on *pro se* Plaintiff Warren Easterling's motion for leave to proceed *in forma pauperis* ("IFP").[2] Doc. 9. In one of a number of previous cases Easterling has pursued in this Court,[3] Judge Rice concluded that Easterling "has abused the privilege of proceeding *in forma pauperis* in this Court" and, as a result, "he is barred from doing so in future litigation without the prior written authorization of the Chief Judge of this district." *Easterling v. Crawford*, No. 3:13CV430, 2015 WL 1476402, at *2 (S.D. Ohio Mar. 31, 2015) (attached hereto). In this case, Easterling's motion for leave fails to reflect that he has received prior written authorization from Chief Judge Sargus to proceed IFP and, as a result, the undersigned **RECOMMENDS** that Easterling's motion be **DENIED.**

    **IT IS SO ORDERED.**

Date:   March 21, 2018                           s/ Michael J. Newman
                                                                             Michael J. Newman
                                                                             United States Magistrate Judge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Easterling previously submitted a check to the Clerk of Court in the amount of the required $400 filing fee. *See* doc. 5. Easterling, however, when manually filing his motion for leave to proceed IFP on March 21, 2018, informed the Clerk that his check will likely be returned due to insufficient funds.

[3] "Easterling is a frequent pro se litigator in the Southern District of Ohio and in Ohio state courts." *See Easterling v. Sessions*, No. 3:16-CV-375, 2017 WL 2463393, at *1 (S.D. Ohio June 7, 2017), *report and recommendation adopted*, No. 3:16-CV-375, 2017 WL 3720508 (S.D. Ohio Aug. 29, 2017).

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).