IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN EASTERLING,

    Plaintiff,

vs.

LAKEFRONT LINES, INC.,

    Defendant.

Case No. 3:18cv75

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATION (DOC. #10) DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. #9); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12) OVERRULED; DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (DOC. #6) RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. #4) BE DENIED; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #8) OVERRULED; NOTICE TO DEFENDANT WITH REGARD TO MANDATORY PAYMENT OF FILING FEE

---

Plaintiff has filed a *pro se* lawsuit, invoking this Court's subject matter jurisdiction pursuant to the Fair Labor Standards Act and Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of race (Doc. #1). Although he submitted a check for the full filing fee to the Clerk of Courts, he later informed that office that said check would be returned, based upon circumstances beyond his control, due to insufficient funds. He then filed a Motion to Proceed *in forma pauperis* (Doc. #9). The Magistrate Judge filed a Report and Recommendation, recommending that Plaintiff's Motion to Proceed *in forma pauperis* be denied (Doc. #10). Plaintiff has objected to that judicial filing (Doc. #12). This Court ADOPTS the Report and

Recommendation of the United States Magistrate Judge in its entirety, thus denying Plaintiff permission to proceed *in forma pauperis*. Plaintiff has filed a myriad of lawsuits with this Court, not a one of which, to this Court's recollection with respect to its docket, has successfully invoked this Court's subject matter jurisdiction. Accordingly, this Court has concluded that Plaintiff has "abused the privilege of proceeding *in forma pauperis* in this Court" and, as a result, "he is barred from doing so in future litigation without the prior written authorization of the Chief Judge of this District." *Easterling v. Crawford*, No. 3:13CV430, 2015 WL 1476402, at *2, S.D. Ohio March 31, 2015. Given that the record in this case fails to reveal that Plaintiff has received prior written communication from Chief Judge Sargus to proceed *in forma pauperis*, Plaintiff's request to proceed *in forma pauperis* (Doc. #9) is DENIED.

Accordingly, the Magistrate Judge's Report and Recommendation (Doc. #10) are ADOPTED in their entirety, and Plaintiff's Objections to said judicial filing (Doc. #12) are OVERRULED. Given that Plaintiff has been denied the right to proceed *in forma pauperis* and, further, given that he has yet to pay the full filing fee, Plaintiff is advised that, unless, within seven days from date, he pays the full filing fee, the captioned cause will be ordered dismissed, without prejudice, for failure to pay the filing fee.

Plaintiff has filed a Motion for Preliminary Injunction, coupled with a Motion for Hearing (Doc. #4). The Magistrate Judge filed a Report and Recommendation, recommending that Plaintiff's Motion for Preliminary Injunction be denied (Doc. #6). Plaintiff has filed Objections to said Report and Recommendation (Doc. #8). The Magistrate Judge's Report and Recommendation are ADOPTED in their entirety, without the necessity of an oral and evidentiary hearing. In support of this conclusion, the Court cannot better explain its reasoning

2

than to set forth pertinent parts of the Magistrate Judge's Report and Recommendation:

> In his motion, Plaintiff alleges that his injury consists of wages lost as a result of his termination. *See* doc. 4 at PageID 36. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578 (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Specifically, "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay." *Id*. at 579. 'Indeed, '[t]he loss of a job is quintessentially reparable by money damages." *Id*. (citing *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995)). Because Plaintiff's alleged injury is lost income, he has failed to satisfy his burden of showing that he will suffer an irreparable injury in the absence of the requested preliminary injunction.
>
> The absence of an irreparable injury here weighs heavily against issuance of the requested preliminary injunction. *See Friendship Materials, Inc.*, 679 F.2d at 102–03 (stating that, at least where a constitutional violation is not at issue, "this court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief"); *Harris v. United States*, 745 F.2d 535, 536 (8th Cir. 1984) (holding that "the absence of a showing of irreparable harm is, in itself, sufficient grounds upon which to deny a preliminary injunction"); *see also Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6581813, at *4 (N.D. Ohio Nov. 7, 2016) (addressing only "the irreparable harm factor because plaintiff has failed to show that it will suffer any irreparable injury if the Court denies its motion").

Doc. #6, at 3-4

Defendant has filed a Motion to Dismiss Plaintiff's Complaint (Doc. #17). Plaintiff has not filed a memorandum in opposition to said motion, in spite of being several days beyond the time fixed by the Civil Rules for the filing of same. Accordingly, Plaintiff must file a memorandum contra the Defendant's motion, not later than the close of business on Friday, May 18, 2018, provided he has paid the filing fee to commence litigation in federal court. Failure

to pay the filing fee will, as stated above, result in the dismissal of this litigation, without prejudice. Should said filing fee be paid and Defendant's memorandum in opposition to Defendant's motion not be filed by the time set by this Court, Defendant's motion will be deemed unopposed.

May 7, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record