UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

    Plaintiff,

vs.

LAKEFRONT LINES, INC.,

    Defendants.

Case No. 3:18-cv-75

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

# REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 17) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

This civil case is before the Court on the motion to dismiss filed by Defendant Lakefront Lines, Inc. ("Lakefront"). Doc. 17. *Pro se* Plaintiff Warren Easterling ("Easterling") filed a memorandum in opposition (doc. 19)[2] and, thereafter, Lakefront filed a reply (doc. 23). The Court has carefully considered all of the foregoing, and Lakefront's motion is now ripe for decision.

**I.**

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Easterling's opposition memorandum was improperly captioned and docketed as a "motion to overrule Defendant's motion to dismiss." The undersigned **ORDERS** that, insofar as Easterling's opposition memorandum was docketed as a "motion," it be **TERMINATED** on the Court's docket. In reviewing Easterling's memorandum as an opposition to Lakefront's motion to dismiss, the undersigned has carefully considered all of the arguments advanced by Easterling therein. Additionally, the claims in his *pro se* complaint have been liberally construed in his favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

"does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Further, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**II.**

This case involves claims arising from Easterling's employment as a bus driver with Lakefront -- a company Easterling alleges is "an interstate bus service similar to Greyhound Bus[.]" *See* doc. 1 at PageID 4. Easterling worked as an over-the-road bus driver for Lakefront from July 10, 2017 until his alleged termination on February 20, 2018. *Id*. at PageID 4, 29.

On March 13, 2018, Easterling filed a complaint against Lakefront in this Court alleging, *inter alia*, that Lakefront violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., by failing to pay him overtime. *Id*. at PageID 5-15. Easterling also alleges that he was constructively terminated by Lakefront on the basis of his race in violation of Title VII. *See id*. Lakefront now moves to dismiss Easterling's claims under Fed. R. Civ. P. 12(b)(6). Doc. 17.

**III.**

The Court first addresses Lakeside's motion to dismiss as it relates to Easterling's race discrimination claim. In so doing, the undersigned notes Easterling's admission regarding his failure to exhaust administrative remedies. Doc. 19 at PageID 142. As the Court noted in a previous case filed by Easterling -- *i.e.*, *Easterling v. TJK-ELS W. End, Inc.*, No. 3:17-CV-67, 2017 WL 3508782, at *2 (S.D. Ohio Aug. 16, 2017), *report and recommendation adopted*, No. 3:17-CV-067, 2017 WL 4391698 (S.D. Ohio Oct. 3, 2017) -- Title VII claims of race discrimination cannot be pursued unless the plaintiff "possesses a 'right to sue' letter from the EEOC." *E.E.O.C v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). The "'[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal' of a Title VII . . . action." *Reddy v. JP Morgan Chase Bank, N.A.*, No. 2:09-CV-1152, 2012 WL 3686287, at *3 (S.D. Ohio Aug. 27, 2012); *see also Hoover v. Timken Co.*, 30 F. App'x 511, 512-13 (6th Cir. 2002). Because Easterling acknowledges his failure to exhaust administrative remedies, his race discrimination claim should be dismissed without prejudice.

The undersigned next addresses Easterling's FLSA overtime claims. The FLSA, when reduced to its essential form, requires employers to compensate employees for all hours worked. *Waymire v. Miami Cty. Sheriff's Office*, No. 3:15-cv-159, 2017 WL 1163875, at *3 (S.D. Ohio Mar. 29, 2017). Unless exempted, the FLSA requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). Employers who fail to do so may be liable to their affected employees "in the amount of their . . . unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Lakeside argues that Easterling's claims under the FLSA are barred by the motor carrier exemption set forth in 29 U.S.C. § 213(b)(1), *i.e.*, the Motor Carrier Act. Doc. 17-1 at PageID 107-11. The Motor Carrier Act ("MCA") specifically exempts from the FLSA's overtime requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" as set forth in 49 U.S.C. § 31502. 29 U.S.C. § 213(b)(1); *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002).

As noted by the Sixth Circuit, "the Secretary of Transportation [has] 'the authority to regulate the hours of an employee (1) who works for a private motor carrier that provides transportation in interstate commerce and (2) whose work activities affect the safety of operation of that motor carrier." *Vaughn*, 291 F.3d at 904. "The activities of drivers affect safety of operations of motor vehicles, and thus, drivers may come within the scope of the motor carrier exemption if their duties involve 'transportation on the public highways of passengers . . . in interstate . . . commerce." *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 274 (S.D.N.Y. 2008) (citing 29 C.F.R. § 782.2(a)).

In this case, Easterling does not dispute that his work duties with Lakefront effected the safety of Lakefront's operations. Further, Easterling does not dispute that Lakefront engages in

an interstate business. *See* doc. 1 at PageID 4. Instead, Easterling argues only that Lakeside is not a motor carrier subject to the Secretary of Transportation's jurisdiction because it is a bus company engaged the transportation of passengers, not a trucking company engaged in the transportation of goods. Doc. 19 at PageID 141.

Information available in the public record establishes that Lakefront is a registered carrier with the United State Department of Transportation ("DOT") (U.S. DOT #34379) and has been inspected and rated by the Federal Motor Carrier Safety Administration ("FMCSA"). *See* United States Department of Transportation, Federal Motor Carrier Safety Administration, https://ai.fmcsa.dot.gov/SMS/Carrier/34379/Overview.aspx?FirstView=True (last visited September 13, 2018). Such information available in the public record sufficiently shows that Lakefront is subject to jurisdiction of the Secretary of Transportation under the Motor Carrier Act. *See Walters v. Am. Coach Lines of Miami, Inc.,* 575 F.3d 1221, 1227 (11th Cir. 2009) (stating that, the fact that defendant has authorizations from the DOT and FMCSA "indicates that the DOT has exercised jurisdiction over it"). Further, contrary to Easterling's contention, the Secretary of Transportation's authority over motor carriers applies beyond just trucking companies engaged in the transportation of goods and, in addition, applies to the interstate transportation of "passengers, property, or both[.]" *See* 49 U.S.C. §§ 13501, 31502. In fact, courts have specifically applied the MCA exemption to bus drivers employed by bus companies. *See Walters*, 575 F.3d at 1227-28.

Accordingly, finding the motor carrier exemption applies to Easterling's FLSA claims arising from his employment as an interstate bus driver with Lakefront, the undersigned concludes that Lakefront's motion should be granted in this regard and Easterling's FLSA overtime claims should be dismissed.

**IV.**

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (doc. 17) be **GRANTED,** and this case **TERMINATED** on the Court's docket.


Date:   September 17, 2018               s/ Michael J. Newman
                                         Michael J. Newman
                                         United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).