IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN EASTERLING,            :

    Plaintiff,

    v.                         :        Case No. 3:18-cv-00075

LAKEFRONT LINES, INC.,                  JUDGE WALTER H. RICE

    Defendant.               :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #26);
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #27)
OVERRULED; DEFENDANT'S MOTION TO DISMISS (DOC. #17)
SUSTAINED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT
AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

This matter is before the Court on Magistrate Judge Michael J. Newman's

Report and Recommendations, Doc. #26, recommending that the motion to

dismiss, Doc.#17, filed by Defendant, Lakefront Lines, Inc. ("Lakefront"), be

granted.  Plaintiff has filed objections to the Report and Recommendations, Doc.

#27, and Lakefront has filed a response, Doc. #28.  For the reasons set forth below,

the Report and Recommendations, Doc. #26, is adopted in its entirety, Plaintiff's

objections are overruled and Lakefront's motion to dismiss is sustained.

I.    **Procedural Background**

On March 13, 2018, Plaintiff, *pro se*, filed his Complaint against his former employer, Lakefront. Doc. #1. In his Complaint, Plaintiff alleges that Lakefront is a charter service and that it also does business as "Coach USA," a "national franchise type of company which operates Megabus, an interstate bus service similar to Greyhound Bus." Doc. #1, PAGEID#4. Plaintiff states that as a bus driver for Lakefront, he was an hourly employee and was promised $12.00 an hour during training and $15.50 per hour thereafter. *Id.* Plaintiff further alleges that he "has not been paid on time or not at all" since beginning his employment at Lakefront. *Id.* This allegation of "non-payment," however, relates to Plaintiff's claim that Lakefront was required to pay him overtime wages as well as reimburse him for expenses. *Id.* Doc. #1, PAGEID#4.

On January 3, 2018, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and the EEOC. Doc. #1, PAGEID#18. The discrimination charge states that as an "African[-]American person," he was discriminated against because he did not receive overtime pay when he worked in excess of 40 hours a week and also did not receive reimbursement of expenses. Doc. #1, PAGEID#18.

Lakefront terminated Plaintiff, either on or sometime after February 20, 2018, for failing to turn in corrected driving logs. Doc. #1, PAGEID#29. Plaintiff has alleged that Lakefront's termination of him, for this reason, was a "false claim," intended to deprive Plaintiff of the right to work, and that he had, in fact, turned in

2

corrected logs on January 5, 2018. *Id.,* PAGEID#14. [1]  Plaintiff has also alleged "constructive termination" due to Lakefront's failure to pay him overtime wages and reimburse him for expenses. Doc. #1, PAGEID#4.

Although Plaintiff's Complaint alleges ten counts, all of Plaintiff's claims concern Lakefront's alleged failure to pay him overtime and reimburse him for expenses, allegedly in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and/or Title VII of the Civil Rights Act of 1964 ("Title VII"). [2]

Plaintiff does not allege in his Complaint that he received a "right to sue letter" from the EEOC.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendations to which an

---

[1] In addition to filing his charge of discrimination with the Ohio Civil Rights Commission and the EEOC on January 3, 2018, Plaintiff also met on this date with the General Manager of Lakefront, John Brock, regarding log sheets that had been returned to Plaintiff for correction on three prior occasions. Doc. #1, PAGEID#29. During this meeting, Plaintiff advised Lakefront's manager that he would turn in the corrected log sheets when he received his overtime pay. *Id.* According to Exhibit 12 attached to Plaintiff's Complaint, Lakefront and the union representative had previously met with Plaintiff "on several occasions" and tried to explain to him "that over the road drivers are not entitled to time and one half over 40 hours." *Id.*

[2] Counts Nine and Ten of the Complaint also reference in the caption, "42 U.S.C. § 1985." However, there are no facts pled in support of a conspiracy to interfere with civil rights. Additionally, although fraud is alleged in Count Ten, concerning the issue of the log sheets, this count states that the alleged "fraud" by Lakefront resulted in his termination and was a violation of Title VII.

objection is made. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings, may receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*, *See also* Fed. R. Civ. P. 72 (b)(3).

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on

4

its face." *Twombly*, 550 U.S. at 570.  Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Although legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged, "…the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79.

### III.    Legal Discussion

Magistrate Judge Newman's filing, Doc. #26, recommends granting Lakefront's motion to dismiss Plaintiff's race discrimination claim due to Plaintiff's admitted failure to exhaust administrative remedies, Doc. #26, PAGEID#191; Doc. #19, PAGEID#142, and further recommends that Plaintiff's overtime claims also be dismissed because Lakefront is a motor vehicle carrier and is exempt from the FLSA's overtime requirement pursuant to 29 U.S.C. § 213(b)(1), i.e. the Motor Carrier Act. Doc. #26, PAGEID#192.  Plaintiff has filed four objections.  The Court will address these objections separately.

Plaintiff's first objection concerns his admitted failure to exhaust administrative remedies. Plaintiff's arguments in support of his first objection are that Lakefront cannot use a Rule 12(b)(6) motion given the "Twombly case law," the due process clause of the Fourteenth Amendment and the process of administrative exhaustion is a long process and not within Plaintiff's control. Doc. #27, PAGEID##197and198. However, as noted by Magistrate Judge Newman, a plaintiff's Title VII claims based on race discrimination cannot be pursued unless the plaintiff "possesses a 'right to sue' letter from the EEOC." *E.E.O.C v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). The "'[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal' of a Title VII . . . action." *Reddy v. JP Morgan Chase Bank, N.A.*, No. 2:09-CV-1152, 2012 WL 3686287, at *3 (S.D. Ohio Aug. 27, 2012); see *also Hoover v. Timken Co.*, 30 F. App'x 511, 512-13 (6th Cir. 2002). Doc. #26, PAGEID#191. Moreover, neither *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), nor the due process clause of the Fourteenth Amendment have any bearing on the requirement of a plaintiff to his exhaust administrative remedies and receive from the EEOC a right to sue letter.  While waiting for a right to sue letter may be a lengthy process, pursuant to the above-cited case law, dismissal of Plaintiff's Title VII claim, without prejudice, is mandatory if there is no right to sue letter from the EEOC.

Plaintiff's second objection is that the Court cannot rule on Lakefront's motion to dismiss and the Report and Recommendations until Plaintiff's second

6

motion for a preliminary injunction, Doc. #20, has been decided.  This objection is moot, given the Court's ruling on March 19, 2019. *See* Doc. #30.

The third objection of Plaintiff is that this Court cannot decide Lakefront's motion to dismiss and the objections to the Report and Recommendations because of Plaintiff's pending motion for recusal. This objection is also moot for the reasons set forth in the Court's Decision and Entry Overruling Plaintiff's Motion for Recusal. Doc. #31.

Plaintiff's fourth and final objection is that, because he has stated an injury by alleging that he did not receive overtime from Lakefront, he has stated a claim and the motion to dismiss should be dismissed on this basis. Doc. #27, PAGEID#200. In support of this objection, Plaintiff again cites the Court to *Twombly*, 550 U.S. 544, and further argues that the failure to pay overtime to him is a violation of the FLSA and Title VII. Plaintiff asserts that Lakefront has no exemption. Legal conclusions, however, need not be accepted as true. *Twombly*, 550 U.S. at 579.

Lakefront in its response to Plaintiff's objections, as well as in its motion to dismiss, argues that it is exempt pursuant to the Motor Carrier Act which specifically exempts from the FLSA's overtime requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" as set forth in 49 U.S.C. § 31502.29 U.S.C. § 213(b)(1); *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002). In *Vaughn*, 291 F.3d at 904, the Sixth Circuit found that the Secretary of

7

Transportation can regulate the hours of an employee, like Plaintiff, who works for a private motor carrier that provides transportation in interstate commerce and affects the safety of the motor carrier's operations." *Vaughn*, 291 F.3d at 904.  If an employee of a private motor carrier is involved in the transportation of passengers on public highways in interstate commerce, the safety of the public is involved and the drivers may come within the scope of the motor carrier exemption. *Dauphin v. Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 274 (S.D.N.Y. 2008) (citing 29 C.F.R. § 782.2(a)).

Plaintiff has alleged in his Complaint that he was employed as an hourly bus driver for Lakefront and as such transported passengers in interstate commerce. Doc. #1, PAGEID#4. Plaintiff argues, however, in his memorandum in opposition to the motion to dismiss, that Lakefront is not a motor carrier subject to the Secretary of Transportation's jurisdiction, because it is a bus company engaged in the transportation of passengers and not a trucking company engaged in the transportation of goods. Doc. #19, PAGEID# 141.

Lakefront is registered as a carrier with the United States Department of Transportation. *See* United States Department of Transportation, Federal Motor Carrier Safety Administration, See United States Department of Transportation, Federal Motor Carrier Safety Administration, https://ai.fmcsa.dot.gov/SMS/Carrier-/34379/Overview.aspx?FirstView=True (last visited March 21, 2019). Additionally, and contrary to Plaintiff's belief, the authority of the Secretary of Transportation applies to the interstate transportation of "passengers, property, or both[.]" 49

U.S.C. §§ 13501, 31502. *Walters v American Coach Lines of Miami, Inc.*, 575 F.3d 1221 (11th Cir. 2009 (claim by current and former bus drivers seeking overtime pay under the Fair Labor Standards Act (FLSA) dismissed on summary judgment since employer subject to the Motor Carrier Act and drivers were subject to exemption.)

### IV.    Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendations, Doc. # 26, OVERRULES Plaintiff's Objections, Doc. #27, to said judicial filing and SUSTAINS Defendant's Motion to Dismiss, Doc. #17. The Complaint of Plaintiff is dismissed without prejudice.

Judgment shall be entered in favor of Defendant, Lakefront Lines, Inc., and against Plaintiff.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: March 22, 2019                               _____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

9